IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY F. McHENRY, PRO SE, | § | |
| Hutchinson County Jail SO No. 12253 | § | |
| Previous TDCJ-CID No. 1060417 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:12-CV-0205 |
| | § | |
| MATT ARMSTRONG, Refinishing Systems, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff JIMMY F. McHENRY, acting pro se and while a prisoner confined in the Hutchinson County Jail, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains that, on October 28, 2011, the defendant towed plaintiff's 1984 chevy truck and impounded it after plaintiff was arrested by the Stinnett Police Department. Plaintiff alleges his nephew subsequently was denied access to the vehicle to recover any personal property and the defendant later sold such property in violation of state regulations, rule, and procedures concerning release of such property to family members. Plaintiff requests an award of $1,000,000.00, as well as all legal fees and expenses.

## JUDICIAL REVIEW

Title 28, United States Code, section 1915(e)(2) provides:

> [T]he court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2). Thus, the very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper's complaint and dismiss it without service of process at any time the Court makes a determination of frivolousness, etc.

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff has submitted the instant lawsuit on a complaint form provided for prisoner civil rights lawsuits filed pursuant to Title 42, United States Code, section 1983; and nothing in plaintiff's complaint gives any other basis for federal jurisdiction of his claims.

Two elements are necessary for recovery in a civil rights lawsuit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by

a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Plaintiff does not provide facts indicating the defendant was acting as an agent of the State or under color of State law at the time of the incident forming the basis of plaintiff's complaint. Nevertheless, assuming, without deciding, that the defendant was acting as an agent of the State at the time of the acts alleged in plaintiff's complaint, plaintiff has still failed to state a claim of constitutional dimension.

Assuming the defendant was a state actor, plaintiff has pled that defendant's actions were random and were not authorized by state law, regulations or procedures. Where a section 1983 plaintiff alleges he has been deprived of property without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized," a tort cause of action in state law is sufficient to satisfy the requirements of due process. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

Because Texas has adequate post-deprivation state remedies for the confiscation of prisoner property by way of a tort action for conversion, plaintiff has failed to state a claim of constitutional dimension. . *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)(holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir.1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983); *Shaw v. Painter*, No. 97-51017, 165 F.3d 23, 19098 WL 870339 (5th Cir. Nov. 27, 1998).

It is clear that plaintiff has not, and cannot, state a claim of constitutional dimension.

**CONCLUSION**

For the reasons set forth above and pursuant to Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JIMMY F. McHENRY be DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Plaintiff may utilize the period for filing objections in which to amend his pleading to cure his deficient claim(s) or he may file objections to the Report and Recommendation.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of October, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).